FILED

March 24 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 09-0289

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 09-0289

_____

IN RE REVISED RULE ON SUBSTITUTION
OF DISTRICT JUDGES                                    O R D E R

_____

In February of 2014, the Montana Judges Association (MJA) filed a request asking this Court to make significant substantive amendments to the rule on substitution of district judges, which is codified at § 3-1-804, MCA, in order to address what the MJA characterized as "obvious abuse of the rule." The Court allowed a comment period on the proposed changes, and numerous comments were filed. The State Bar of Montana then attempted to mediate with interested parties, but was not successful. In February of 2015, the Honorable Dirk M. Sandefur proposed an "all pay compromise."

The Court has considered all of the suggestions and proposed amendments.

We begin by observing that the filing fee established at § 25-1-201, MCA, for a request for substitution of district judge has been set at $100 since 1987. We recommend that the 2017 Montana Legislature consider increasing that filing fee to $200.

Further,

IT IS ORDERED that the attached revised rule on substitution of district judges is adopted, effective July 1, 2015, and replaces our previous rule regarding substitution. Copies of this Order with the attached revised rule on substitution of district judges will be electronically published on the website for the Judicial Branch, and the State Bar of Montana is asked to publish them on its website, as well.

The Clerk is directed to provide copies of this Order with the attached revised rule on substitution of district judges to each district judge of the State of Montana, the Office of the Attorney General for the State of Montana; the Montana Trial Lawyers Association, the Montana Association of Criminal Defense Lawyers, the Office of Public Defender, the Montana County Attorneys' Association, the Montana Association of

Criminal Defense Lawyers, the Code Commissioner and Director of Legal Services for the Montana Legislative Services Division, and the State Bar of Montana.

DATED this 24th day of March, 2015.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE

**Substitution of district judges.**

This section applies to judges presiding in district courts. It does not apply to any judge sitting as a water court judge, to a workers' compensation court judge, or to a judge supervising the distribution of water under 85-2-406, including supervising water commissioners under Title 85, chapter 5, part 1.

(1) Each adverse party is entitled to one substitution of a district judge.

(a) In a civil action other than those noted in subsection (l)(c), a motion for substitution by the party filing the action must be filed within 30 calendar days after the first summons is served or an adverse party has appeared. A motion for substitution by the party served must be filed within 30 calendar days after service has been completed in compliance with M. R. Civ. P. 4.

(b) In a criminal action, a motion for substitution by the prosecution or the defendant must be filed within 10 calendar days after the defendant's arraignment.

(c) A motion for substitution may not be filed in the following cases: a child abuse or neglect proceeding under Title 41, chapter 3; a youth court action proceeding under Title 41, chapter 5; or a mental health commitment proceeding under Title 53, chapter 21, part 1.

(2) (a) When an initial pleading is filed, the clerk of court shall stamp the name of the district judge to whom the case is assigned on the face of the original and all copies of that document.

(b) A motion for substitution of district judge must be made by filing a written motion with the clerk as follows:

The undersigned hereby moves for substitution of District Judge _____ in this case.

The moving party shall serve copies of the motion for substitution upon all other parties to the proceeding. The clerk shall immediately notify the district judge of the motion and, if there has already been a substitution, the first district judge to whom the case was assigned.

(3) In civil cases, the motion for substitution is not effective for any purpose unless the filing fee for a motion for substitution required by 25-1-201 is paid to the clerk of the district court.

In criminal cases, the motion for substitution is effective upon filing, except as otherwise provided herein for a motion filed by a defendant who is not represented by a public defender, as defined by 47-1-103.

In criminal cases filed by the county attorney, the county attorney shall pay the substitution motion fee required by 25-1-201 within 30 days of receipt of a claim from the clerk of district court. In criminal cases filed by the attorney general, the attorney general shall pay the substitution motion fee required by 25-1-201 within 30 days of receipt of a claim from the clerk of district court.

In criminal cases where the motion is filed by or on behalf of an indigent defendant, as defined by 47-1-103, represented by a public defender, as defined by

47-1-103, the office of public defender, as defined by 47-1-103, shall pay the substitution motion fee within 30 days of receipt of a claim from the clerk of district court. In criminal cases where the motion is filed by or on behalf of a defendant who is not represented by a public defender, as defined by 47-1-103, the motion for substitution is not effective for any purpose unless the substitution motion fee required by 25-1-201 is paid to the clerk of the district court except as waived pursuant to 25-10-404.

The substitution motion filing fee required by 25-1-201 is not a district court expense within the meaning of 3-5-901.

(4) Any motion for substitution that is not timely filed is void. The district judge for whom substitution is sought has jurisdiction to determine timeliness, and if the motion for substitution is untimely, shall enter an order denying the motion.

(5) After a timely motion has been filed, the substituted district judge does not have the power to act on the merits of the case or to decide legal issues in the case, except as provided in subsection (l0).

(6) The first district judge who has been substituted or disqualified for cause has the duty of calling in all subsequent district judges. In a multijudge district, all other district judges in that district must be called before a district judge from another district is called.

(7) When a new district judge has accepted jurisdiction, the clerk of court shall provide a copy of the assumption of jurisdiction to the first district judge to whom the case was assigned and to each attorney or party of record. A certificate of service must be attached to the assumption of jurisdiction form in the court file.

(8) If the presiding judge in any action recuses himself or herself or if a new district judge assumes jurisdiction in any action, the right to move for substitution of a district judge is reinstated, except as to parties who have previously obtained a substitution. The time periods run anew from the date of service of notice or other document identifying the new district judge.

(9) No party who is joined or intervenes has any right of substitution after the time has run as to the original parties to proceed.

(10) A district judge who has previously been substituted from the case may agree to set the calendar, draw a jury, and conduct all routine matters including arraignments, preliminary pretrial conferences in civil cases, and other matters that do not address the merits of the case, if authorized by the presiding district judge.

(11) When a new trial is ordered by the district court, each adverse party shall be entitled to one motion for substitution of district judge. The motion must be filed, with the required filing fee, within 20 calendar days after the district court has ordered a new trial.

(12) When a judgment or order is reversed or modified on appeal and the cause is remanded to the district court for a new trial, or when a summary judgment or judgment of dismissal is reversed and the cause remanded, each adverse party is entitled to one motion for substitution of district judge. The motion must be filed, with the required filing fee, within 20 calendar days after the remittitur from the supreme court has been

filed with the district court. There is no other right of substitution in cases remanded by the supreme court.

In criminal cases, there is no right of substitution when the cause is remanded for sentencing.